JERRY S. BUSBY
Nevada Bar #001107
GREGORY A. KRAEMER
Nevada Bar #010911
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada 89102
(702) 366-1125
FAX: (702) 366-1857
jbusby@cooperlevenson.com
gkraemer@cooperlevenson.com

Attorneys for Defendants
SMITH'S FOOD & DRUG CENTERS, INC.
THE KROGER CO.
JESSICA IVERSON

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RODORA NARAG, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>THE KROGER CO. d/b/a SMITH'S FOOD AND DRUG and/or SMITH'S, a Ohio Corporation; SMITH'S FOOD & DRUG CENTERS, INC. d/b/a SMITH'S FOOD & DRUG #351 and/or SMITH'S FUEL CENTER, a Ohio Corporation; JESSICA IVERSON, an Individual; DOES I-X; and ROE BUSINESS ENTITIES XI-XX, inclusive,<br><br>Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL** |

Defendants, SMITH'S FOOD & DRUG CENTERS, INC. ("SMITH'S"), THE KROGER CO. ("KROGER") and JESSICA IVERSON ("IVERSON") hereby give notice of their removal of Case No. A-20-808446-C-C from the Eighth Judicial District Court, Clark County, Nevada, to this Court. This Notice of Removal is filed pursuant to 28 U.S.C. §§1441(a) and 1446. As grounds for removal, Defendants state as follows:

/ / /

/ / /

CLAC 5531557.1

I.

## NOTICE OF REMOVAL IS TIMELY

1. On January 13, 2020, Plaintiff RODORA NARAG, filed this lawsuit against SMITH'S. Pursuant to 28 U.S.C. §1446(a), a complete copy of the state court file, including the Complaint and process, is attached hereto as Exhibit "A".

2. IVERSON was served with process on or about January 15, 2020. IVERSON hereby reserves any and all rights and defenses to Plaintiff's Complaint.

3. SMITH'S was served with process on or about January 16, 2020. SMITH'S hereby reserves any and all rights and defenses to Plaintiff's Complaint.

4. KROGER was served with process on or about January 16, 2020. KROGER hereby reserves any and all rights and defenses to Plaintiff's Complaint.

5. The Complaint filed and served on Defendants merely alleged that "Defendants negligence is an actual and proximate or legal cause of Plaintiff's injuries. Plaintiff thereby experienced great pain, and anxiety to her body and mind, sustaining injuries and general damages in a sum in excess of Fifteen Thousand Dollars ($15,000.00)." (Compl. ¶24). In addition, the Complaint also alleged "As a further actual and proximate or legal result of Defendant's negligence, Plaintiff underwent medical treatment and incurred past medical and/or incidental expenses. Plaintiff may also require medical treatment in the future due to Defendant's negligence and may incur future medical and/or incidental expenses. The exact amount of such past and future damages is unknown at this present time, but Plaintiff alleges that she has suffered and/or will suffer special damages in excess of Fifteen Thousand Dollars ($15,000.00)." (Compl. ¶25).

6. Defense counsel learned that the value of this case was sufficient for Federal jurisdiction on February 13, 2020. On that date, Plaintiff filed and served a Petition for Exemption from Arbitration in the pending State Court litigation. Therein, Plaintiff alleges that her past medical specials total $200,102.67. (Pl.'s Petition at 2).

Upon receiving this information, Defense counsel learned that the "amount in controversy" exceeds the jurisdictional minimum for diversity jurisdiction.

///

7. This Notice of Removal is timely filed under 28 U.S.C. §1446(b), which provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

8. The following pleadings have been entered and/or filed in State Court:

   a. Plaintiff's Complaint filed January 13, 2020;

   b. Plaintiff's Demand for Jury Trial filed January 14, 2020;

   c. Proof of Service of Summons and Complaint on Jessica Iverson filed January 21, 2020;

   d. Affidavit of Service of Summons and Complaint on Smith's Food & Drug Centers, Inc. filed January 29, 2020;

   e. Affidavit of Service of Summons and Complaint on The Kroger Co. filed January 29, 2020;

   f. IVERSON'S Motion to Dismiss filed February 4, 2020;

   g. Notice of Hearing on IVERSON'S Motion to Dismiss filed February 4, 2020;

   h. SMITH'S Answer to Plaintiff's Complaint filed February 5, 2020;

   i. Plaintiff's Petition for Exemption from Arbitration was served on February 13, 2020;

   j. Plaintiff's Opposition to IVERSON'S Motion to Dismiss filed February 18, 2020; and

   k. Commissioner's Decision on Request for Exemption filed February 28, 2020;

   l. IVERSON'S Reply to Plaintiff's Opposition to Motion to Dismiss filed March 2, 2020.

9. Other than the pleadings discussed above, no further proceedings have taken place in District Court, Clark County, Nevada as of the filing of this notice of removal.

///

## II.

## DIVERSITY JURISDICTION EXISTS

10. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332. This action may be removed pursuant to 28 U.S.C. §1441, because the amount in controversy exceeds $75,000, exclusive of interest and costs; the suit involves a controversy between citizens of different states; and none of the properly joined defendants is a citizen of Nevada.

### A. The Amount in Controversy Requirement is Satisfied.

11. Plaintiff's Complaint merely alleged that "Defendants negligence is an actual and proximate or legal cause of Plaintiff's injuries. Plaintiff thereby experienced great pain, and anxiety to her body and mind, sustaining injuries and general damages in a sum in excess of Fifteen Thousand Dollars ($15,000.00)." (Compl. ¶24). In addition, the Complaint also alleged "As a further actual and proximate or legal result of Defendant's negligence, Plaintiff underwent medical treatment and incurred past medical and/or incidental expenses. Plaintiff may also require medical treatment in the future due to Defendant's negligence and may incur future medical and/or incidental expenses. The exact amount of such past and future damages is unknown at this present time, but Plaintiff alleges that she has suffered and/or will suffer special damages in excess of Fifteen Thousand Dollars ($15,000.00). " (Compl. ¶25).

12. In addition to the above, Plaintiff's Petition for Exemption from Arbitration served on February 13, 2020 indicated that Plaintiff's past medical specials total $200,102.67. (Pl.'s Petition at 2).

### B. The Parties Are Diverse.

13. The diversity of citizenship requirement is satisfied. Defendants are informed and believe that Plaintiff was at the time of her Complaint a citizen and resident of the State of Nevada. (*See* Compl. ¶2).

14. KROGER was at the time of the filing of Plaintiff's Complaint and is now an Ohio Corporation with its principal place of business in the State of Ohio.

15. SMITH'S was at the time of the filing of Plaintiff's Complaint and is now an Ohio Corporation with its principal place of business in the State of Utah.

4

CLAC 5531557.1

16. IVERSON was at the time of the filing of Plaintiff's Complaint and now is now a citizen and resident of the State of Nevada. However, IVERSON is a sham Defendant named only to defeat diversity of citizenship jurisdiction. IVERSON committed no acts of independent or direct negligence against Plaintiff. Under the Fraudulent Joinder Doctrine, IVERSON'S citizenship should be ignored.

### III.

### REMOVAL TO THIS JURISDICTION IS PROPER

17. Pursuant to 28 U.S.C. §§1332, 1441, and 1446, removal of the above-captioned state court action to this Court is appropriate.

18. Pursuant to 28 U.S.C. §1441(a), removal is made to this Court as the district and division embracing the place where the state action is pending 28 U.S.C. §108.

19. Defendants reserve the right to amend or supplement this Notice of Removal.

20. Defendants reserve all defenses, including, without limitation, the defense of lack of personal jurisdiction.

21. Defendants request a trial by jury of all issues.

22. Defense counsel is providing Plaintiff, by and through her counsel, written notice of the filing of this Notice of Removal as required by 28 U.S.C. §1446(d). Further, Defense counsel is filing a copy of this Notice of Removal with the Clerk of the Eighth Judicial District Court, Clark County, Nevada, where the action is currently pending.

Dated this 13th day of March, 2020.

COOPER LEVENSON, P.A.

By /s/ Jerry S. Busby
Jerry S. Busby
Nevada Bar No. 001107
Gregory A. Kraemer
Nevada Bar No. 010911
3016 West Charleston Boulevard - #195
Las Vegas, Nevada 89102
Attorneys for Defendants
SMITH'S FOOD & DRUG CENTERS, INC.
THE KROGER CO.
JESSICA IVERSON

CLAC 5531557.1